Robert White in his individual capacity,      :
                                     :

  Plaintiff                               :

                                     :

   vs.                                 :   Docket No. 2:23-cv-2597

                                   :

Rutgers University, The State University of New   :   JURY TRIAL DEMANDED
Jersey                                  :   CIVIL ACTION-LAW

                                   :

---

## VERIFIED COMPLAINT

Plaintiff by and through his undersigned attorneys, brings this Complaint against the above-named Defendants, agents, and successors in office, to safeguard his rights under the United States Constitution, State and Federal law, and in support thereof alleges the following:

## PRELIMINARY STATEMENT

1. Mr. Robert White is an undergraduate student in good standing at Rutgers University (the "University" or the "Defendant"), where he is an aerospace engineering major. Mr. White is presently a rising senior.

2. Mr. White is diagnosed, *inter alia*, with autism spectrum disorder, anxiety, attention deficit hyperactivity disorder, obsessive compulsive disorder, episodic mood disorder, and essential tremors.

3. As a result of these disabilities, Mr. White has a 504 accommodation plan. A 504 plan is an agreement between the University and Mr. White to accommodate his disabilities pursuant to Section 504 of the Rehabilitation Act of 1973, so that he can access his education equal to that of his non-disabled peers.

4. Throughout the time that Mr. White has been a student at the University, he has worked in good faith with the University to secure his accommodations for his disabilities.

5. The University, however, has not implemented his Section 504 accommodations with fidelity. In fact, staff have refused to implement the accommodations.

6. By failing to implement the accommodations, the University has denied Mr. White equal access to his education. When the University failed to accommodate his disabilities, Mr. White's professors assigned lower grades to him in many of his classes. The lower grades are the direct result of the University and its staff refusing to provide accommodations.

7. Furthermore, though Mr. White has sought to resolve his grade and disability disputes with the University, through their internal resolution process, the University *ran him in circles,* often giving Mr. White conflicting information and failing to comply with their own internal procedures.

8. As a result of the University failing to follow its own procedures, which are part of its contract with Mr. White, it has further delayed resolution of these issues. In addition, the failure to timely resolve these issues has only further excluded Mr. White as a student with disabilities from the benefits of his education.

9. The University's failures to accommodate his disabilities, together the ongoing discrimination and failure to timely resolve these issues is the direct and proximate cause of Mr. White's harm and concomitant damages.

## JURISDICTION AND VENUE

10. This court has jurisdiction under 28 U.S.C. §1331, as the causes of action contained herein invoke federal question jurisdiction, as Plaintiff brings claims arising under federal law.

11. This court has supplemental jurisdiction over Mr. White's state claims pursuant to 28 U.S.C. § 1367.

12. Venue for this action properly lies in this Judicial District pursuant to 28 U.S.C. §1391(b) because the events that give rise to the claims in this action occurred in this District.

## PARTIES

**Plaintiff:**

13. Mr. Robert White is a student in attendance at the University and an adult individual residing at 17 Ludlow Road, Yardley, PA 190627.

**Defendant:**

14. Defendant Rutgers University, The State University of New of New Jersey (referred to herein as "University" or "Defendant") is a state-funded higher education institution in New Jersey and the largest institution of higher education in New Jersey. The University is believed to be doing business at 335 George Street, New Brunswick, NJ 08901.

## FACTUAL ALLEGATIONS

15. Mr. White first enrolled in the University at the start of the Fall 2019 semester.

16. Mr. White is, as of the date of filing the within complaint, a rising senior at the University, where he is an aerospace engineering major.

17. Mr. White, as stated, *inter alia*, has been diagnosed with autism spectrum disorder, anxiety, attention deficit hyperactivity disorder, obsessive compulsive disorder, episodic mood disorder, and essential tremors.

18. As a result of these disabilities, Mr. White has a 504 accommodation plan.

19. The 504 plan, in no way, interferes with or impairs the functioning of his academic program. Mr. White has consistently collaborated with the University at the start of each semester to develop the 504 plan, which, as required by law, the University has consistently agreed to implement.

## AS TO THE DISABILITY-BASED DISCRIMINATION:

20. Despite the University's agreement to the aforementioned 504 plan, the University has consistently failed to accommodate Mr. White's disabilities. For example, Mr. White's 504 plan requires that he be given a quiet testing area and 100-percent extra time for quizzes and examinations. As a result, the plan necessarily requires that he takes his examinations at different times than his classmates. This requires the professors to schedule the exams, so that they do not conflict. Despite this specified and needed accommodation, professors schedule his examinations when they conflict with other examinations, thereby violating the terms of the agreed-upon 504 plan. This consequently fails to provide Mr. White with the accommodations he requires to successfully complete his academic requirements.

21. Additionally Mr. White's 504 plan requires that the University allow him to access snacks and drinks during labs, classes, and examinations. However, during the Fall

2019 semester, the University refused to grant him this accommodation until the middle of the semester.[1]

22. During the spring semester 2020, Mr. White took General Chemistry for Engineers. The professor failed to provide access to legible formula sheets during examinations. As a result of not having the accommodations, he received a failing grade on the midterm. This resulted in Mr. White having to opt for a P grade in place of a letter grade. In this case, a P is a passing grade and does not boost his GPA.

23. During the spring 2020 semester, the professor for the Honors College Forum harassed Mr. White on the basis of his disability and retaliated against him for making reports about the conduct.

24. In the fall 2020, Mr. White took Intro to Aerospace Engineering, but the professor refused to implement any of the 504 accommodations. Because the professor refused to provide any of the accommodations, he obtained a D in the class.

25. During the spring 2021, the University failed to provide most of Mr. White's 504 accommodations in all of his classes.

26. For example, in Advanced Calculus for Engineers, the professor denied Mr. White breaks during examinations. The 504 plan specifically called for Mr. White to have these breaks during examinations as needed. Because the professor refused to provide the accommodations, Mr. White received a zero on an examination. As a result, he received a lower grade in the class.

---

[1] While the University failed to offer this accommodation for him during the fall 2019 semester, he has since attempted in good faith to resolve this issue through the University's appeal process. In fact, for each of the contested grades, going back to 2019 and continuing until the date of filing, Mr. White has attempted to resolve these issues through the University's internal appeal process. As of the date of filing, the University is still dragging out resolving these issues with him. As such, he is still presently enduring the harm from their failure to accommodate.

27. In Mr. White's Aerospace Materials class, the professor refused to provide any of the accommodations. This resulted in Mr. White receiving a final examination grade of zero on or around May 12, 2021. He ultimately received a TC[2] grade later that same month. Subsequently, the University converted the grade to C in December 2021. Upon information belief, he should have earned an A. However, due to the professor's refusal to accommodate Mr. White, he received a C.

28. During the spring 2021 semester, the CAD for Mechanical Engineering professor refused to provide the extended time accommodation for exams and quizzes. The professor additionally refused to provide Mr. White with breaks during the examinations. Because the professor did not provide these accommodations, Mr. White received a D in this class.

29. Mr. White's 504 plan requires that he be provided typing accommodations to help him overcome the essential tremors. This accommodation excuses him from having to write by hand. Despite the fact that he has this accommodation, the professors, in spring 2021, refused to allow him to type his answers. Because Mr. White did not have this accommodation, he received a grade of TZ[3] and B, respectively. In other words, because the professors refused to follow the 504 plan, Mr. White received a lower grade in the class.

30. On May 12, 2021, the professor gave Mr. White a grade of D. Mr. White only obtained a D because the professor refused to accommodate his disabilities. By way of example, the professor did not provide breaks for the midterm, and refused schedule quizzes and exams to not conflict with other quizzes and exams.

---

[2] TC is a temporary grade. It converts to a C at the end of the following semester if it remains unresolved.
[3] TZ is assigned when a student is unable to complete their work. It converts to an F at the end of the following semester if it remains unresolved.

31. Though Mr. White did not take classes during the fall 2021 semester, during this time he continued to try to work with the University to resolve the issues surrounding the University's refusal to accommodate his disabilities and the resulting grade disputes. During this time, the University refused to engage with Mr. White, which prevented him from resolving these issues and securing additional accommodations. Instead of helping Mr. White, who is a student with autism, to navigate the process, the University only gave him conflicting and confusing guidance. As such, he was not able to meaningfully participate in the resolution process.

32. In February 2022, Mr. White injured his shoulder in an accident. He promptly requested accommodations from the University, as he was unable to write. His Aerospace Materials professor refused to work with his accommodations, which caused him to fail one quiz. Ultimately, he received a grade of TC in the class.

33. In or around September 2022, The University further discriminated against Mr. White when a professor preemptively gave him zeros in their class, before it even started. Upon information and belief, the professor viewed Mr. White as "a problem," due to the fact that he requires disability accommodations.

34. During the fall 2022, the University denied Mr. White the forty-eight-hour extension for most of his examinations. In fact, the University failed to provide this accommodation in a majority of his classes. The 504 plan requires this extension of time as an accommodation.

35. Similarly, during the fall 2022, the Interdisciplinary Seminar, the professor frequently denied the forty-eight-hour extension on assignments. On other occasions, the professor

took points off of the assignment when Mr. White handed them in thirty-six hours later. This ultimately resulted in Mr. White received an F in the course.

36. In addition, during the fall 2022, the Intro to Mechatronics professor failed to provide accommodations during the final exam. As a result, Mr. White, as of the date of filing, has been unable to take this exam. He is still waiting for the University to provide the accommodations, so that he can complete it and earn a grade for the class.

37. Additionally, during the fall 2022 semester, the ME Measurments professor did not provide the forty-eight-hour extension for assignments. When Mr. White attempted to resolve this issue with the professor, the professor refused to even speak to Mr. White. As such, he was unable to resolve the issue and obtain the accommodations. Mr. White reports that he withdrew from the class because the professor was so hostile to the requests for accommodations.

38. During the spring semester 2023, the professor for the Dynamic Systems and Controls class refused to provide the forty-eight-hour extension for assignments. Mr. White reports that he received lower grades on many of the assignments Similarly, in ME Measurements, the professor refuses to provide the forty-eight-hour extension for assignments. As a result of not having the accommodation, the professor took points off of many of the assignments. He is currently awaiting the final grade for these grades for these classes.

39. This pattern of refusing to implement the 504 plan has been a theme in many of Mr. White's classes. As such, their deliberate indifference/intentional discrimination has been the source of Mr. White's damages and concomitant harm.

**AS TO THE DISABILITY RETALIATION:**

40. During the fall 2021, Mr. White had previously engaged a lawyer, who, in part, functioned as a disability advocate. Mr. White specifically engaged her to help secure accommodations and to make sure that the University was implementing his 504 plan.

41. The University, however, refused to respond to his lawyer's correspondence. This only further interfered with Mr. White's ability to secure accommodations and to meaningfully participate in his education.

42. In addition, upon information and belief, in direct response to Mr. White utilizing the services of his lawyer, the Office of General Counsel, has instructed faculty and staff to stop speaking to Mr. White. Notably, these same staff members refuse to speak with Mr. White to help him develop and implement his accommodations.

43. By refusing the work with his lawyer, the University, clearly, retaliated against Mr. White. This only further compounded the discrimination he encountered on the basis of his disabilities.

**AS TO THE UNIVERSITY'S SUBSTANTIAL DEPARTURE FROM ITS APPEAL PROCESS:**

44. The University has substantially departed from their own appeal process, which is part of the contract that Mr. White and University formed.

45. The University has an appeal process, established through the terms described in its handbook. However, it refuses to follow its own procedures for the appeal process involving Mr. White. Much of the University's failure to comply with its procedures is entangled with its ongoing disability-based discrimination against Mr. White.

46. Because the University failed to implement Mr. White's 504 accommodations, he received lower grades in several classes. In an effort to resolve his grade disputes with the University, Mr. White reached out to his professors and administrators for guidance. Rather than providing him with clarity, they passed him around among different deans and staff. When one staff member did not know how to guide him on the process, they sent him to another staff member, who would pass him down the line. As a result, the University has failed to provide him with any meaningful process and / or fundamental fairness.

47. Due to Mr. White's disabilities, he became overwhelmed and confused by the process. It was incumbent on the staff to work with Mr. White to help him navigate the process. Instead, they let him flounder.

48. To help Mr. White overcome these challenges, he engaged a lawyer. Only after Mr White engaged his lawyer, did the Office of the General Counsel inform Mr. White that he can submit his written appeals to them and that the Office of General Counsel would send the appeals to the correct personnel. The Office of General Counsel never submitted the written appeals. Again, Mr. White needed help navigating the process due to his disabilities, but the University acted in a way that was, at best, deliberately indifferent to his needs.

49. Further, upon information and belief, the University refused to read any of the written appeals Mr. White had submitted.

50. By failing to read the written appeals, the University denied and continues to deny Mr. White fundamental fairness, which is a cornerstone of the appeal process.

51. Because the University has failed to follow its own appeal process, Mr. White is unable to resolve these outstanding issues.

## AS TO THE UNIVERSITY'S FAILURE TO APPLY THE SCHOLARSHIP:

52. Mr. White has a scholarship, which the University is required to disburse at the start of each semester.

53. To date, the University has failed to disburse the scholarship.

54. As such, the University has unjustly withheld $10,000.

55. This complaint followed.

<u>**Count 1**</u>
**DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT--DENIED THE BENEFITS OF EDUCATIONAL SERVICES BY REASON OF DISABILITY**
*Mr. White v. Rutgers University*

56. Mr. White hereby realleges all matters set forth in the preceding paragraphs of this complaint and incorporates them herein.

57. The Americans with Disabilities Act ("ADA") prohibits discrimination against qualified individuals with disabilities on the basis of their disability. 42 U.S.C. §§ 12161, 12132. To establish a claim under the ADA, a plaintiff must demonstrate that: (1) he has a disability, or was regarded as having a disability; (2) he was "otherwise qualified" to participate in school activities; and (3) he was "denied the benefits of the program or was otherwise subject to discrimination because of her disability." *A.G. v. Lower Merion Sch. Dist.*, 542 F. App'x 193, 198 (3d Cir. 2013).

58. The Defendant University discriminated against, and denied Mr. White the benefits to his program, under the Americans with Disabilities Act:

    a. The Plaintiff is recognized as a person with disabilities, which, again, includes *inter alia*, autism spectrum disorder, anxiety, attention deficit hyperactivity

disorder, obsessive compulsive disorder, episodic mood disorder, and essential tremors.

b. The Defendant University is a federal funds recipient and is a place of public accommodation.

c. Mr. White is otherwise qualified to participate in the program at the University. He has demonstrated he is otherwise qualified to participate in their program by virtue of the fact that the University has developed a 504 accommodation plan for him each semester.

d. The Defendant denied Mr. the benefits of his program in several ways as pleaded in ¶¶ 20-39.

e. The 504 accommodations are reasonable and, in no way, fundamentally alter the nature and essence of the program.

f. Mr. White requires these accommodations to access the benefits of his education and program.

g. The Defendant's deliberate indifference to implementing his accommodations, together with their intentional discrimination, interfered with Mr. White's ability to fully participate and benefit from his program.

59. As a direct and proximate result of Defendant's deliberate indifference and intentional discrimination, the Defendant denied Mr. White the benefits of his program on the basis of his disability.

60. The Plaintiff prays for relief against the Defendant as hereinafter set forth in the prayer for relief.

**<u>Count 2</u>**
**DISCRIMINATION UNDER § 504 OF THE REHABILITATION ACT**
*Mr. White v. Rutgers University*

61. Mr. White hereby realleges all matters set forth in the preceding paragraphs of this complaint and incorporates them herein.

62. To establish a prima facie case under the §504 of the Rehabilitation Act ("RA")[4], a party must show: (a) they were a person with a disability; (b) they were otherwise qualified for participation in the program; (c.); the program they are challenging receives federal financial assistance; and (d.) they were subject to discrimination solely on the basis of their disability. *Hornstine v. Township of Moorestown,* 263 F. Supp. 2d 887, 905 (D.N.J 2003).

    a. The Plaintiff is recognized as a person with disabilities, which, again, includes *inter alia*, autism spectrum disorder, anxiety, attention deficit hyperactivity disorder, obsessive compulsive disorder, episodic mood disorder, and essential tremors.

    b. The Defendant University is a federal funds recipient and is a place of public accommodation.

    c. Mr. White is otherwise qualified to participate in the program at the University. He has demonstrated he is otherwise qualified to participate in their program by virtue of the fact that the University has developed a 504 accommodation plan for him each semester.

    d. The Defendants denied Mr. the benefits of his program in several ways as pleaded in ¶¶ 20-39.

---

[4] *See* 29 U.S.C. § 794(a).

e.  The 504 accommodations are reasonable accommodations, have been agreed to by the University and, in no way, fundamentally alter the nature and essence of the program.

f.  Mr. White requires these accommodations to access the benefits of his education and program.

g.  The Defendant's deliberate indifference to implementing his accommodations, together with their intentional discrimination, interfered with Mr. White's ability to fully participate and benefit from his program.

63. As a direct and proximate result of Defendants' deliberate indifference and intentional discrimination, the Defendant denied Mr. White the benefits of his program on the basis of his disability.

64. Wherefore, the Plaintiff prays for relief against the Defendant as hereinafter set forth in the prayer for relief.

<u>**Count 3**</u>
**RETALIATION UNDER THE AMERICANS WITH DISABILITIES ACT**
*Mr. White v. Rutgers University*

65. Mr. White hereby realleges all matters set forth in the preceding paragraphs of this complaint and incorporates them herein.

66. The Americans with Disabilities Act protects individuals from retaliation for engaging in activities, seeking to press or vindicate rights provided by statute. §12203 of the ADA provides:

> No person shall discriminate against any individual because such individual ***has opposed any act*** or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

42 U.S.C. §12203(a).

67. Mr. White engaged in a protected and lawful activity when he retained an attorney and advocate to assist him with obtaining accommodations at the University and to ensure that the University implemented these accommodations.

68. The Defendant retaliated against the Plaintiff after he engaged the services of the advocate and attorney during the spring 2022 semester.

69. The University, however, refused to respond to his lawyer's correspondence. This only further interfered with Mr. White's ability to secure accommodations and to meaningfully participate in his education.

70. In addition, upon information and belief, in direct response to Mr. White utilizing the services of his lawyer, the Office of General Counsel, has instructed faculty and staff to stop speaking to Mr. White.

71. The retaliatory conduct further denied Mr. White's access to his program and chilled his advocate/attorneys' ability to effectively advocate for him.

72. Upon information and belief, the University took adverse action in response to him hiring the advocate/attorney, that it has not resolved his claims for disability discrimination, and it has not resolved ongoing grade disputes. The ongoing grade disputes are preventing Mr. White from taking his upper-level classes, which he needs to graduate. Because the University refuses to resolve these issues, it has delayed him from graduating on time.

73. Wherefore, the Plaintiff prays for relief against the Defendant as hereinafter set forth in the prayer for relief.

## COUNT 4
## RETALIATION UNDER § 504 OF THE Rehabilitation Act
### *Mr. White v. Rutgers University*

74. Mr. White hereby realleges all matters set forth in the preceding paragraphs of this complaint and incorporates them herein.

75. The federal regulations under §504 provide:

> No recipient [of federal funds] or other person shall intimidate, threaten, coerce, or discriminate against any individual for the purpose of interfering with any right or privilege secured by the [Rehabilitation Act], or because he has made a complaint, testified, assisted, or participated in any manner, proceeding or hearing [.]

34 CFR §107(e).

76. Mr. White engaged in a protected and lawful activity when he retained an attorney and advocate to assist him with obtaining accommodations at the University and to ensure that the University implemented these accommodations.

77. The Defendant retaliated against the Plaintiff after he engaged the services of the advocate and attorney during the spring 2022 semester.

78. The University, however, refused to respond to his lawyer's correspondence. This only further interfered with Mr. White's ability to secure accommodations and to meaningfully participate in his education.

79. In addition, upon information and belief, in direct response to Mr. White utilizing the services of his lawyer, the Office of General Counsel, has instructed faculty and staff to stop speaking to Mr. White.

80. The retaliatory conduct further denied Mr. White access to his program and chilled his advocate/attorneys' ability to advocate for him.

81. Mr. White avers that because the University took adverse action in response to him hiring the advocate/attorney, that it has not resolved his claims for disability

discrimination and it has not resolved ongoing grade disputes. The ongoing grade disputes are preventing Mr. White from taking his upper-level classes, which he needs to graduate. Because the University refuses to resolve these issues, it has delayed him from graduating on time.

82. Wherefore, the Plaintiff prays for relief against the Defendant as hereinafter set forth in the prayer for relief.

## COUNT 5
### DENIAL OF EQUAL PROTECTION--42 U.S.C. § 1983
### *Mr. White v. Rutgers University*

83. Mr. White hereby realleges all matters set forth in the preceding paragraphs of this complaint and incorporates them herein.

84. Plaintiff alleges that the Defendant University deprived him of his rights and privileges secured to him by the Fourteenth Amendment by denying him equal protection of law.

85. The University is a federal funds recipient.

86. The Defendant abridged the Plaintiff's rights to equal protection under the law when it denied him equal access to the University and the benefits of his program on the basis of his disability status.

87. The Defendant intentionally discriminated against Mr. White and the Defendant has been deliberately indifferent to Mr. White's rights to attend school as a person with disabilities equal to that of his non-disabled peers.

88. The Defendant's conduct is the direct and proximate cause of the Plaintiff's harm.

89. Wherefore, the Plaintiff prays for relief against the Defendant as hereinafter set forth in the prayer for relief.

## COUNT 6
## NEW JERSEY LAW AGAINST DISCRIMINATION
### *Mr. White v. Rutgers University*

90. Mr. White hereby realleges all matters set forth in the preceding paragraphs of this complaint and incorporates them herein.

91. The NJLAD prohibits discrimination on the basis of disability. <u>N.J. Stat. Ann.</u> § 10:1-2.

92. The NJLAD applies to colleges and universities.

93. The NJLAD protects students from a hostile learning environment.

94. Mr. White is entitled to attend school with reasonable disability accommodations, to have his accommodations implemented with fidelity, and to attend school without staff retaliating against him.

95. Furthermore, Mr. White, as a person with disabilities, has the right to attend school and to be reasonably accommodated while navigating the University's maze of appeal processes. Thus, rather than taking steps to confuse and overwhelm him with conflicting information, the University should have assisted him with the appeal process, so that it was clear to a student with autism.

96. The Defendant University abridged Plaintiff's rights when it refused to provide him with reasonable accommodations for his disabilities. The University further abridged Mr. White's rights when it retaliated against him. Finally, the University further discriminate against Mr. White when it took steps to confuse and overwhelm him with the appeal and complaint processes.

97. By retaliating against Mr. White, the University subjected him to a hostile learning environment on the basis of his disabilities. This has not only chilled Mr. White's ability to advocate for himself and to use the services of a disability advocate, it has directly interfered with his ability to engage with his classes.

98. As a direct and proximate result of Defendant's deliberate indifference and intentional discrimination, the Defendant denied the Plaintiff the benefits of his program.

99. Wherefore, the Plaintiff prays for relief against the Defendant as hereinafter set forth in the prayer for relief.

## COUNT 7
## BREACH OF CONTRACT--SUBSTANTIAL DEVIATION
### *Mr. White v. Rutgers University*

100. Mr. White hereby realleges all matters set forth in the preceding paragraphs of this complaint and incorporates them herein.

101. Plaintiff and the Defendant had formed a binding Contract for the Plaintiff to attend the University.

102. Plaintiff and the Defendant entered into a binding contract when:

    a. The Plaintiff paid consideration for the Contract and when the Plaintiff specifically paid tuition in exchange for his education.

    b. There was a valid offer and acceptance of this Contract between the parties.

    c. Both parties accompanied this consideration with a signed writing, which bound the parties to the Contract.

    d. The contract required that both parties adhere to the University's policies and procedures.

103. The Defendant University breached the Contract when it substantially deviated from the terms of the Contract.

104. The University's policies set forth the procedures for resolving grade and disability disputes, as pleaded in ¶¶ 44-51. The University has refused to comply with these procedures.

105. The University's refusal to follow its own policies is interfering with Mr. White's ability to resolve the grade and disability disputes. Because it is interfering with his ability to resolve these disputes, he is unable to take his upper-level classes and to graduate on time.

106. By breaching the Contract, and substantially deviating from the same, the University has directly and proximately caused Plaintiff's damages, which include, but are not limited to, financial loss, interests on student loans, consequential damages, and related costs.

107. Wherefore, the Plaintiff prays for relief against the Defendant as hereinafter set forth in the prayer for relief.

## COUNT 8
### FUNDAMENTAL FAIRNESS
### *Mr. White v. Rutgers University*

108. Mr. White hereby realleges all matters set forth in the preceding paragraphs of this complaint and incorporates them herein.

109. The University has set forth a code of conduct, grade appeal process, discrimination complaint process, and a Student Handbook, to which it expects students to abide. The policies require the University to follow a set of procedures for resolving grade disputes and issues regarding discrimination.

110. The University's policies set forth the procedures for resolving grade and disability disputes, as pleaded in ¶¶ 44-51. The University has refused to comply with these procedures.

111.    On account of the University's failure to afford Mr. White fundamental fairness, he has suffered injuries and damages, and the University's conduct is the direct and proximate cause of Plaintiff's harm.

112.    Wherefore, the Plaintiff prays for relief against the Defendant as hereinafter set forth in the prayer for relief.

### COUNT 9
### UNJUST ENRICHMENT
### *Mr. White v. Rutgers University*

113.    Mr. White hereby realleges all matters set forth in the preceding paragraphs of this complaint and incorporates them herein.

114.    Mr. White has a scholarship, which the University is required to disburse at the start of each semester.

115.    To date, the University has failed to disburse the scholarship.

116.    The Defendant University has since retained this money.

117.    As such, the University has unjustly withheld $10,000.

118.    As a direct and proximate result of the Defendant retaining the scholarship, it is being unjustly enriched at the Plaintiff's detriment, which has only compounded their damages and concomitant harm, including the Plaintiff having to spend additional money on classes.

119.    Wherefore, the Plaintiff prays for relief against the Defendant as hereinafter set forth in the prayer for relief.

**COUNT 10**
**EMOTIONAL DISTRESS**
*Mr. White v. Rutgers University*

120.    Mr. White hereby realleges all matters set forth in the preceding paragraphs of this complaint and incorporates them herein.[5]

121.    The University committed the tort of intentional infliction of emotional distress:

    a.    The Defendant acted intentionally and recklessly.

    b.    The Defendant's conduct was extreme and outrageous, exceeding the bounds of decency and, thus, utterly intolerable in civilized society.

    c.    The Defendant subjected the Plaintiff to ongoing disability-based harassment and retaliation.

    d.    Upon information and belief, the Defendant took steps to confuse and overwhelm Mr. White with the appeal and complaint processes. In addition, the Defendant took steps to delay the processes.

    e.    Mr. White is a student with autism and several other disabilities. In particular, as a result of the autism, he is easily overwhelmed and he faces increased anxiety and related comorbidities. Upon information and belief, the University was aware of these particular sensitivities. Nonetheless, it took steps to retaliate against him and to overwhelm him.

    f.    The emotional distress Plaintiff suffered is so severe that no reasonable person could be expected to endure such distress.

    g.    Mr. White now reports that the University's conduct has caused him to experience loss of sleep, panic attacks, disruptions to his endocrine system, loss of appetite,

---

[5] While the claim is being asserted against all defendants, it is understood that the Plaintiffs are waiting for this claim to mature against the District, pursuant to New Jersey's Tort Claim Act. The Plaintiffs, nonetheless, are asserting this claim against the individuals named in this complaint, and will await prosecuting this claim against the District until the conclusion of the six-month period.

and issues with his digestive health. He has underwent a hospital stay, due to extreme weight loss, which was caused by the emotional distress. He has additionally sought treatment with a psychiatrist and a gastroenterologist, due to the manifestations of the emotional distress.

h.   Mr. White has sought medical treatment and counseling to address the symptoms he has endured.

i.   Mr. White has suffered damages as a result of the emotional distress.

122.   Wherefore, the Plaintiff prays for relief against the Defendant as hereinafter set forth in the prayer for relief.

## DAMAGES

123.   Plaintiff suffered general, special, incidental, and consequential damages as the direct and proximate result of the acts and omissions of all Defendants, in an amount that shall be proven at the time of trial. These damages include, but are not limited to: damages for general pain and suffering; damages for the loss of enjoyment of life, both past and future; medical and medical-related expenses, both past and future; travel and travel-related expenses, both past and future; emotional distress, both past and future; pharmaceutical expenses, both past and future; loss of income and employment opportunities; and any and all other ordinary, incidental, or consequential damages that would or could be reasonably anticipated to arise under the circumstances.

## PRAYER FOR RELIEF

WHEREFORE, Mr. White respectfully prays that the Court award him compensatory and restitutionary damages against Defendant Rutgers University for, including, but not limited to, psychological treatment, lost wages, loss of future earnings, loss of enjoyment of life, emotional

pain and suffering, interference with his civil rights, and reasonable attorneys' fees and costs of suit. Furthermore, Mr. White seeks any and all equitable relief, together with any and all remedies, that the Court deems just and appropriate, including ordering the University to implement his 504 plan with fidelity and removing any and all contested grades from his file, resulting from the University failure to implement his accommodations.

### DEMAND FOR A JURY TRIAL

In accordance with federal law, Mr. White hereby demands a trial by jury on all appropriate issues.

Respectfully submitted,

**MONTGOMERY LAW, PLLC**
1420 Locust Street, Suite 420
Philadelphia, PA 19102
***Attorneys for Plaintiff***

Dated: May 12, 2023                    By: _____

Bradley R. Flynn
NJ Bar ID No. 173362016

**IN THE UNITED STATES DISTRICT COURT,**

**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| Robert White. in his individual capacity, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| vs. | : | Docket No. **2:23-cv-2597** |
| | : | |
| Rutgers University, The State University of New Jersey | : | JURY TRIAL DEMANDED |
| | : | CIVIL ACTION-LAW |
| | : | |

---

I, Robert White, the named Plaintiff in the above-captioned case,

declare under the penalty of perjury that the foregoing civil complaint is true and correct.

*Robert Denton White Jr*

_____

Robert White, Plaintiff

Executed on: May 12, 2023.

Doc ID: 8e7fcd28827743f89548c88722b9304745dad0b2