**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT WHITE,<br><br>               Plaintiff,<br><br>               v.<br><br>RUTGERS UNIVERSITY,<br>THE STATE UNIVERSITY OF NEW JERSEY,<br><br>               Defendant. | Civil Action No. 23-2597 (MAS) (TJB)<br><br>**MEMORANDUM ORDER** |

**SHIPP, District Judge**

    This matter comes before the Court upon a Motion to Dismiss Plaintiff Robert White's ("Plaintiff") Complaint (ECF No. 1), filed by Defendant Rutgers University, the State University of New Jersey ("Rutgers" or "Defendant") (ECF No. 10). Plaintiff opposed the Motion to Dismiss (ECF No. 14), and Defendant replied (ECF No. 19). The Court has considered the parties' written submissions and decides the Motion without oral argument, pursuant to Local Civil Rule 78.1. For the reasons set forth below, Plaintiff's Complaint is dismissed without prejudice.

    At or around September 2019, Plaintiff enrolled at Rutgers[1] as an Aerospace Engineering major.[2] (Compl. ¶¶ 15-16, ECF No. 1.) Plaintiff alleges that he has been diagnosed with "autism spectrum disorder, anxiety, attention deficit hyperactivity disorder, obsessive compulsive disorder,

---

[1] Rutgers is a higher education institution based in New Jersey that receives both state and federal funding. (Compl. ¶¶ 14, 58.) Rutgers is a place of public accommodation within the meaning of the Rehabilitation Act of 1973, § 504. (*Id.* ¶¶ 58, 62, 75.) *See also* 29 U.S.C. § 794.

[2] Plaintiff is currently a rising senior in Rutgers' undergraduate program. (Compl. ¶¶ 1, 16.)

episodic mood disorder, and essential tremors." (*Id.* ¶¶ 2, 17, 58, 62.) As a result of his disabilities, Plaintiff states that he obtained "a 504 accommodation plan"[3] (hereinafter "the Plan"). (*Id.* ¶ 3.) Plaintiff asserts that pursuant to the Plan, Rutgers is required to provide the following accommodations: (1) a quiet testing area; (2) breaks during exams and classes as needed; (3) snacks and drinks during class; (4) typing accommodations; (5) a 48-hour extension window for exams and assignments; and (6) 100% extra time for quizzes and exams.[4] (*Id.* ¶¶ 20, 21, 26, 29, 34.) At all relevant times, Plaintiff asserts that he informed Rutgers of his disabilities and the aforesaid accommodations he would require as a result. (*See generally id.*)

Plaintiff alleges that Rutgers "refused to implement" the accommodations it was required to provide Plaintiff under the Plan throughout his time at Rutgers, and that Plaintiff received grades lower than he should have as a result. (*Id.* at ¶¶ 5-6, 22, 24, 26-30, 35.) Plaintiff states that he attempted to resolve his outstanding grade disputes and ensure that he received the accommodations specified in the Plan. (*Id.* ¶ 31.) These efforts, according to Plaintiff, were futile, as Rutgers faculty and staff "only gave him conflicting and confusing guidance." (*Id.*)

---

[3] Plaintiff explains that a "504 accommodation plan" is an agreement between a student and a school to accommodate the student's disabilities under § 504 of the Rehabilitation Act of 1973. (*See* Compl. ¶ 3.) The parties dispute whether the existence of a "504 accommodation plan" is sufficient to trigger or secure accommodations from Rutgers. (*Compare* Compl. ¶ 19 *with* Def.'s Moving Br. 5-6, ECF No. 10-1.) Plaintiff, however, has not provided the Court with documentation reflective of the terms of the Plan. (*See generally* Compl.)

[4] Plaintiff also asserts that the terms of the Plan "necessarily require[]" that his exams be scheduled at different times than his classmates. (Compl. ¶ 20.)

On May 12, 2023, Plaintiff commenced this action in federal court.[5] (Compl., ECF No. 1.) In lieu of filing an answer, Defendants filed a Motion to Dismiss. (ECF No. 10.) Specifically, Defendant moves to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)[6] because, among other issues, the Complaint "fails to allege any details concerning the parameters of [Plaintiff's] alleged [Plan], the specific accommodations included in that [P]lan, or the processes for requesting and implementing said accommodations according to the [Plan] and [Rutgers's] procedures." (Def.'s Moving Br. 16.) In short, Rutgers asserts that Plaintiff fails to put Rutgers on proper notice under Rule 8(a). The Court agrees with Defendant.

Rule 8(a)(2) requires a complaint to include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In parallel, a plaintiff's complaint must give a defendant "fair notice" of its claims and the grounds on which they rest. *Okogun v. Miller*, No. 23-2640, 2023 WL 5417428, at *2 (D.N.J. Aug. 22, 2023) (citations omitted).

Here, Plaintiff fails to provide Rutgers with such fair notice. Each one of Plaintiff's claims—such as disability discrimination, equal protection, or breach of contract—derive from and depend upon the existence of the Plan, and language contained within it. (*See generally* Compl.) Yet, Plaintiff fails to attach the Plan as an exhibit to the Complaint or provide any language from the Plan in the Complaint for Rutgers or for this Court's consideration. (*See*

---

[5] Plaintiff asserts the following counts: (1) discrimination under the Americans with Disabilities Act ("ADA") (Count One); (2) discrimination under § 504 of the Rehabilitation Act (Count Two); (3) retaliation under the ADA (Count Three); (4) retaliation under § 504 of the Rehabilitation Act (Count Four); (5) Equal Protection under § 1983 (Count Five); (6) violation of the New Jersey Law Against Discrimination ("NJLAD") (Count Six); (7) breach of contract (Count Seven); (8) violation of "fundamental fairness" (Count Eight); (9) unjust enrichment (Count Nine); and (10) intentional infliction of emotional distress (Count Ten). (Compl.)

[6] All references to "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

*generally id.*) In fact, Plaintiff does not identify any provision or language in the Plan that Rutgers allegedly violated by not providing accommodations. *See Mercado v. Bank of Am., N.A.*, No. 12-1123, 2012 WL 5629749, at *3 (D.N.J. Nov. 15, 2012) ("Because [the plaintiff] does not identify which contractual duty [the defendant] supposedly breached, [he] has failed to provide the notice required by Rule 8(a)."); *but see Lockhart v. Dorrance Publishing Co., Inc.*, No. 22-2929, 2023 WL 157323, at *11 (D.N.J. Jan. 11, 2023) (permitting a breach of contract claim brought *without documentary support* to proceed beyond the pleading stage where the plaintiff "allege[d] the existence of an enforceable contract, *including the specific term of that contract that was allegedly breached*, and resulting damages." (emphasis added)).[7]

Based on the lack of documentary support, Plaintiff's Complaint fails to provide Rutgers with the notice required by Rule 8(a) and must be dismissed under Rule 12(b)(6). *Mercado*, 2012 WL 5629749, at *3 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To the extent Plaintiff seeks relief, Plaintiff must file an amended complaint, attaching the Plan to provide Rutgers with the appropriate notice.

---

[7] Separately, the Court also notes that parts of Plaintiff's Complaint include conclusory allegations with little to no factual support. For example, Plaintiff seemingly avers that Rutgers agreed to implement the Plan's terms in its entirety and that the Plan required Plaintiff to be provided with a list of accommodations. (*See generally* Compl.) Moreover, Plaintiff generally alleges Rutgers's awareness of the Plan, but fails to specify *which administrators* were made aware of the Plan's existence, much less those *who agreed* to implement its terms. (*See id.*) "Conclusory allegations of liability are insufficient." *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)). Should Plaintiff choose to file an Amended Complaint, Plaintiff is directed to plead specific factual support to ensure that each claim has "facial plausibility[.]" *See id.* ("[P]laintiff [must] plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (quoting *Iqbal*, 556 U.S. at 678) (alterations in original)).

Accordingly, for these reasons, and for good cause shown,

**IT IS** on this 22nd day of February 2024, **ORDERED** as follows:

1. Defendant's Motion to Dismiss (ECF No. 10) is hereby **GRANTED**.

2. Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

3. Plaintiff is granted 30 days from the filing of this Order on the docket to file an Amended Complaint, attaching any integral documents.

                                                     **MICHAEL A. SHIPP**
                                                     **UNITED STATES DISTRICT JUDGE**